```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
HENRY SANTOS,
                                Plaintiff,
                                                            CIVIL ACTION NO.
            -against-

YMY MANAGEMENT CORP., STAFF YMY INC., PALMER          COMPLAINT
AVE ESTATES LLC, 3063 ESTATES LLC, 2406 REALTY LLC,
BARKER AVE ESTATES LLC, ALLERTON TKT LLC,
ALLERTON AVE ESTATES LLC, UNION AVE ESTATES LLC,
and SAM APPLEGRAD,

                                Defendants.
------------------------------------------------------------------------X
```

Plaintiff Henry Santos, by his attorneys, Katz Melinger PLLC, complaining of the defendants, YMY Management Corp. ("YMY Management"), Staff YMY Inc. ("Staff YMY"), Palmer Ave Estates LLC ("Palmer Ave"), 3063 Estates LLC ("3063 Estates"), 2406 Realty LLC ("2406 Realty"), Barker Ave Estates LLC ("Barker Ave"), Allerton TKT LLC ("Allerton TKT"), Allerton Ave Estates LLC ("Allerton Ave"), Union Ave Estates LLC ("Union Ave"), and Sam Applegrad ("Applegrad") (collectively "Defendants"), respectfully alleges as follows:

**I. Nature of Action, Jurisdiction, and Venue**

1. This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"); New York Labor Laws ("NYLL") §§ 190 *et seq.* and 650 *et seq.* and; 12 NYCRR §141-1.2.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

3. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related

to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

5. Plaintiff Santos is a resident of the State of New York.

6. YMY Management Corp. is a domestic business corporation with its principal place of business located at 1644 58th Street, Brooklyn, New York 11204.

7. Staff YMY Inc. is a domestic business corporation with, upon information and belief, its principal place of business located at 1644 58th Street, Brooklyn, New York 11204.

8. Palmer Ave Estates LLC is a domestic limited liability company with its principal place of business located at 2918 Avenue M, Brooklyn, New York 11210.

9. 3063 Estates LLC is a domestic limited liability company with its principal place of business located at 3063 Hull Avenue, Bronx, New York 10467.

10. 2406 Realty LLC is a domestic limited liability company with its principal place of business located at 2918 Avenue M, Brooklyn, New York 11210.

11. Barker Ave Estates LLC is a domestic limited liability company with its principal place of business located at 2918 Avenue M, Brooklyn, New York 11210.

12. Allerton TKT LLC is a domestic limited liability company with its principal place of business located at 829 Greenwood Avenue, Suite 1C, Brooklyn, New York 11218.

13. Allerton Ave Estates LLC is a domestic limited liability company with its principal place of business located at 2918 Avenue M, Brooklyn, New York 11210.

14. Union Ave Estates LLC is a domestic limited liability company with its principal place of business located at 2918 Avenue M, Brooklyn, New York 11210.

15. Upon information and belief, YMY Management provides property management and administrative services, and manages numerous apartment buildings in the New York metropolitan area.

16. Upon information and belief, Staff YMY is an affiliate of YMY Management and provides payroll to certain employees.

17. Palmer Ave owns the residential apartment building located at 3300 Palmer Avenue, Bronx, New York 10475 (the "Palmer Ave Building"); 3063 Estates, at all relevant times, owned the residential apartment building located at 3063 Hull Avenue, Bronx, New York 10467 (the "Hull Ave Building"); 2406 Realty owns the residential apartment building located at 2406 University Avenue, Bronx, New York 10468 (the "University Ave Building"); Barker Ave and Allerton TKT own the residential apartment building located at 665 Allerton Avenue, Bronx, New York 10467 (the "665 Allerton Ave Building"); Allerton TKT and Allerton Ave own the residential apartment building located at 690 Allerton Avenue, Bronx, New York 10467 (the "690 Allerton Ave Building"); and Union Ave owns the residential apartment building located at 729-731 Union Avenue, Bronx, New York 10455 (the "729-731 Union Ave Building") (collectively, the "Buildings").

18. Upon information and belief, Applegrad is the Chief Executive Officer of YMY Management and indirectly owns more than thirty properties in state of New York.

19. At all relevant times Applegrad was, and still is, an officer, director, shareholder and/or person in control of all other defendants, who exercised significant control over the companies' operations and had the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

20. At all relevant times, Applegrad exercised sufficient control over Plaintiff's day-to-day operations to be considered his employer under the FLSA and the NYLL.

21. Defendants operate in interstate commerce and, upon information and belief, their revenues are in excess of the minimum required to fall within the jurisdiction of the FLSA.

22. Defendants are a single enterprise and/or joint employers as Defendants operate for the same business purposes, including real estate ownership, management, and investment.

23. Defendants operate as an interrelated operation with common ownership and management of real estate and are all managed, controlled, and operated by and through Applegrad, YMY Management, and Staff YMY.

24. Defendants are a single enterprise and/or joint employers, who jointly managed, supervised, hired, fired, and controlled the manner of pay of Plaintiff, and are jointly and severally liable in this matter.

25. Defendants are subject to suit under the statutes alleged above.

### III. Factual Allegations

26. Defendants have employed Plaintiff as a superintendent since in or around June 2017 to the present date.

27. As a superintendent, Plaintiff's job responsibilities include, *inter alia*, cleaning apartments when tenants move out, painting the apartments and common areas, fixing appliances and furniture that needs repair, handling tenant complaints, and performing minor plumbing work.

28. Throughout his employment with Defendants, Plaintiff performed the aforementioned duties at the Buildings.

29. From in or around June 2017 to July 2017, Plaintiff was a superintendent at the Palmer Ave Building.

30. The Palmer Ave Building has approximately sixty-seven (67) units.

31. From in or around June 2017 to in or around July 2017, Plaintiff worked five (5) days per week, as follows: Mondays through Fridays from approximately 12:00 p.m. to approximately 6:00 p.m. or 8:00 p.m., without any meal or rest breaks, for an average of approximately thirty-five (35) hours worked per week.

32. From in or around July 2017 until on or around January 10, 2018, Plaintiff did not work for Defendants. However, Plaintiff returned to work for Defendants on or around January 11, 2018.

33. From on or around January 11, 2018 until in or around July 2018, Plaintiff was a superintendent at the Hull Ave Building.

34. The Hull Ave Building has twenty-seven (27) units.

35. From on or around January 11, 2018 until in or around July 2018, Plaintiff worked six (6) days per week, as follows: Mondays through Fridays from approximately 8:00 a.m. to approximately 4:00 p.m.; and Sundays from approximately 4:00 p.m. to approximately 7:00 p.m., without any meal or rest breaks. In addition to the aforementioned work hours, Plaintiff was also

required to perform on-call duties approximately two (2) times per week, with each such job lasting approximately one (1) hour, for a total of approximately forty-five (45) hours worked per week.

36. From in or around August 2018 until in or around September 2018, Plaintiff was a superintendent at the University Ave Building.

37. The University Ave Building has fifty (50) units.

38. From in or around August 2018 until in or around September 2018, Plaintiff worked five (5) days per week, as follows: Mondays through Fridays from approximately 8:00 a.m. to approximately 4:00 p.m., without any meal or rest breaks, for a total of approximately forty (40) hours worked per week.

39. From in or around October 2018 until on or around November 4, 2018, Plaintiff did not work for Defendants. However, Plaintiff returned to work for Defendants on or around November 5, 2018.

40. From on or around November 5, 2018 until on or around March 30, 2019, Plaintiff was a superintendent at two buildings: the 665 Allerton Ave Building and the 690 Allerton Ave Building.

41. The 665 Allerton Ave Building has fifty-four (54) units and the 690 Allerton Ave Building has ninety-five (95) units.

42. From on or around November 5, 2018 until on or around March 30, 2019, Plaintiff worked seven (7) days per week, as follows: Mondays through Fridays from approximately 8:00 a.m. to approximately 6:00 p.m.; and Saturdays and Sundays from approximately 8:00 a.m. to approximately 1:00 p.m., without any meal or rest breaks. In addition to the aforementioned work hours, Plaintiff was also required to work approximately one (1) additional hour per day handling emergency requests, for a total of approximately sixty-seven (67) hours worked per week.

43. From on or around April 1, 2019 to the present date, Plaintiff has been a superintendent at the 729-731 Union Ave Building.

44. The 729-731 Union Ave Building has forty-seven (47) units.

45. From on or around April 1, 2019 to the present date, Plaintiff works seven (7) days per week, as follows: Mondays through Fridays from approximately 7:00 am to approximately 4:00 p.m.; and Saturdays and Sundays from approximately 7: 00 a.m. to 11:00 a.m., without any meal or rest break. In addition to the aforementioned work hours, Plaintiff is also required to work approximately five (5) additional hours per week handling emergency requests, for a total of approximately fifty-eight (58) hours worked per week.

46. From in or around June 2017 to in or around July 2017, Defendants compensated Plaintiff at a fixed rate of $350.00 per week.

47. From in or around January 11, 2018 to in or around July 2018, Defendants compensated Plaintiff at a fixed rate of $125.00 per week.

48. From in or around August 2018 to in or around September 2018, Defendants compensated Plaintiff at a fixed rate of $280.00 per week.

49. Since in or around November 5, 2018 to the present day, Defendants compensate Plaintiff at a fixed rate of $375.00 per week.

50. From on or around November 6, 2018 to on or around March 30, 2019, Defendants provided Plaintiff with a one-bedroom apartment located in the basement of the 665 Allerton Ave Building.

51. Since on or around April 1, 2019 to the present date, Defendants provide Plaintiff with a one-bedroom apartment located in the basement of the 729-731 Union Ave Building.

52. Throughout his employment with Defendants, Plaintiff was a non-exempt employee pursuant to the FLSA and NYLL, and was entitled to minimum wages and overtime compensation.

53. However, Defendants failed to pay Plaintiff at least the applicable minimum wage for superintendents under New York state law.

54. Further, during some periods of Plaintiff's employment, Defendants also failed to pay Plaintiff at least the applicable minimum wage required under the FLSA.

55. Furthermore, despite regularly working in excess of forty (40) hours per week, Plaintiff was not paid the applicable overtime wages for any hours he worked in excess of forty (40) hours per week as required under the FLSA.

56. Defendants also failed to furnish to Plaintiff, at the time he was hired or at any time thereafter, a notice containing his rate of pay, the designated payday, or other information required by NYLL § 195(1).

57. Furthermore, Plaintiff did not receive, with each wage payment, a statement listing his regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

58. Throughout Plaintiff's employment with Defendants, Defendants did not record or keep track of the actual number of hours Plaintiff worked.

59. Instead, Defendants regularly required Plaintiff to sign time sheets with fraudulent hours. The time sheets falsely stated that Plaintiff worked no more than twenty-five (25) hours per week and also inaccurately stated that Plaintiff was afforded one-hour daily lunch breaks.

60. Defendants violated federal and state law by willfully failing to pay Plaintiff the statutory minimum wages and overtime compensation owed to him, and by failing to provide Plaintiff with statutory payroll notices and wage statements as required by NYLL.

### **AS AND FOR A FIRST CAUSE OF ACTION**
*(Overtime Violations under the FLSA)*

61. Plaintiff repeats and realleges all prior allegations set forth above.

62. Pursuant to the applicable provisions of 29 U.S.C. § 207, Plaintiff was entitled to overtime compensation of one and one-half times his regular hourly rate for all hours worked in excess of forty (40) hours per week.

63. Plaintiff regularly worked in excess of forty (40) hours per week during his employment with Defendants.

64. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff overtime wages of one and one-half times his regular rate of pay for each hour Plaintiff worked in excess of forty (40) per week.

65. As a result of Defendants' violations of the law and failure to pay Plaintiff the required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

66. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

67. Judgment should be entered in favor of Plaintiff and against Defendants on the First Cause of Action in the amount of Plaintiff's unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
*(Minimum Wage Violations under the FLSA)*

68. Plaintiff repeats and realleges all prior allegations set forth above.

69. Pursuant to the applicable provisions of the FLSA, Plaintiff was entitled to the statutory minimum hourly wages for all hours worked.

70. Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff the statutory minimum wages for all of the hours he worked.

71. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

72. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

73. Judgment should be entered in favor of Plaintiff and against Defendants on the Second Cause of Action in the amount of his unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION**
*(Minimum Wage Violations under the NYLL)*

74. Plaintiff repeats and realleges all prior allegations set forth above.

75. Pursuant to the applicable provisions of the NYLL, Plaintiff was entitled to the statutory minimum wages as required for superintendents.

76. Throughout Plaintiff's employment, Defendants knowingly failed to pay Plaintiff the statutory minimum wages required for superintendents in that Defendants failed to pay Plaintiff at a per unit rate as required under NYCRR § 141-1.2.

77. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

78. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiff is entitled to liquidated damages.

79. Judgment should be entered in favor of Plaintiff and against Defendants on the Third Cause of Action in the amount of his unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## AS AND FOR A FOURTH CAUSE OF ACTION
*(Failure to Timely Pay Wages under the NYLL)*

80. Plaintiff repeats and realleges all prior allegations set forth above.

81. Pursuant to the provisions of NYLL § 191(1)(a)(i), Plaintiff was entitled to be paid his earned wages weekly and not later than seven (7) calendar days after the end of the week in which the wages were earned.

82. During the relevant period, Defendants routinely failed to pay Plaintiff all of his earned wages in accordance with the agreed-upon terms of employment.

83. During the relevant period, Defendants failed to timely pay Plaintiff all of his earned wages on a weekly basis and not later than seven (7) calendar days after the end of the week in which the wages were earned.

84. As a result of Defendants' violations of the law and failure to pay Plaintiff in accordance with NYLL § 191(1)(a)(i), Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

85. Judgment should be entered in favor of Plaintiff and against Defendants on the Fourth Cause of Action for all wages due, liquidated damages, all reasonable attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FIFTH CAUSE OF ACTION**
*(Failure to Provide Payroll Notices under the NYLL)*

86. Plaintiff repeats and realleges all prior allegations set forth above.

87. Defendants failed to furnish to Plaintiff, at his time of hire or at any time thereafter, notices containing his rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; his regular pay day designated by the employer; and other information required by NYLL § 195(1).

88. As Defendants failed to provide Plaintiff with payroll notices as required by NYLL § 195(1), Plaintiff is entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees and costs.

89. Judgment should be entered in favor of Plaintiff and against Defendants on the Fifth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SIXTH CAUSE OF ACTION**
*(Failure to Provide Wage Statements under the NYLL)*

90. Plaintiff repeats and realleges all prior allegations set forth above.

91. Throughout the relevant time period, Defendants failed to furnish to Plaintiff, with each wage payment, a statement listing: his regular and overtime rates of pay and basis thereof; the number of regular and overtime hours he worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

92. As Defendants failed to provide Plaintiff with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for

every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorneys' fees and costs.

93. Judgment should be entered in favor of Plaintiff and against Defendants on the Sixth Cause of Action in the amount of $5,000.00, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE** Plaintiff prays for relief as follows:

a) On the First Cause of Action for all overtime wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all minimum wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all minimum wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action for all wages due, liquidated damages, and all reasonable attorneys' fees in an amount to be determined by this Court;

e) on the Fifth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees in an amount to be determined by this Court;

f) on the Sixth Cause of Action for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees in an amount to be determined by this Court;

g) Interest;

h) Costs and disbursements; and

i) Such other and further relief as is just and proper.

Dated: New York, New York
March 5, 2020

                                      <u>*/s/Katherine Morales*</u>
                                      Katherine Morales
                                      Katz Melinger PLLC
                                      280 Madison Avenue, Suite 600
                                      New York, New York 10016
                                      (212) 460-0047
                                      kymorales@katzmelinger.com
                                      *Attorneys for Plaintiff*