UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
HENRY SANTOS,                                                           :
                                                                        :
                          Plaintiff,                                    :
                                                                        :     20 Civ. 1992 (JPC)
             -v-                                                        :
                                                                        :     MEMORANDUM OPINION
YMY MANAGEMENT CORP. *et al.*,                                          :     AND ORDER
                                                                        :
                          Defendants.                                   :
                                                                        :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

  On March 5, 2020, Plaintiff Henry Santos brought this action against his employers pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.* Dkt. 1. The parties now seek approval of their proposed settlement agreement. Dkts. 60, 62. For the reasons that follow, the Court grants the parties' request to approve that proposed agreement.

  In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020) (citing *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015)). Thus, district courts in this Circuit must review a proposed FLSA settlement and determine whether it is "fair and reasonable." *Larrea v. FPC Coffees Realty Co.*, No. 15 Civ. 1515 (RA), 2017 WL 1857246, at *1 (S.D.N.Y. May 5, 2017) (internal quotation marks and citation omitted). "A fair settlement must reflect a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (internal quotation marks and citation omitted).

District courts typically evaluate the fairness of an FLSA settlement agreement by considering the factors identified in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  *See Fisher*, 948 F.3d at 600.  These factors include: "(1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky*, 900 F. Supp. 2d at 335 (internal quotation marks and citations omitted).

After careful review of the parties' proposed settlement agreement, the parties' joint letter in support of their proposed agreement, and Plaintiff's counsel's time records, Dkts. 60, 62, the Court finds that the proposed agreement is fair and reasonable.  Plaintiff alleges that Defendants owe him $58,700 in unpaid minimum wage and overtime pay plus liquidated damages and other penalties.  Dkt. 62 at 2.  Assuming Plaintiff could receive an amount equal to his alleged unpaid wages in liquidated damages, *see* 29 U.S.C. § 216(b), and $10,000 for failure to provide certain notices, *see* Dkt. 1 §§ 89, 93, Plaintiff's total recoverable amount seems to be $127,400.  After attorneys' fees, Plaintiff here will receive $23,019.33.  Dkt. 62 at 3.  This thus is approximately 18% of Plaintiff's total alleged damages and approximately 39% of his total alleged minimum wage and overtime owed.

Defendants categorically deny Plaintiff's claims and allege that he was properly compensated for all hours worked.  Dkt. 62 at 2.  Defendants also report that they have "produced timesheets signed by Plaintiff which show that Plaintiff worked forty (40) hours or fewer per week."  Dkt. 62 at 2.  Plaintiff therefore could recover nothing if he were to proceed to trial.  In light of this range of possible recovery, the seriousness of the litigation risks, and the burdens of establishing

each party's case at trial, the Court finds that the proposed settlement amount is fair and reasonable. *See Wolinsky*, 900 F. Supp. 2d at 335.  Courts in this District routinely award settlement amounts within this range.  *See, e.g.*, *Zorn-Hill v. A2B Taxi LLC*, No. 19 Civ. 1058 (KMK), 2020 WL 5578357, at *4 (S.D.N.Y. Sept. 17, 2020) (approving a settlement amount equal to 12.5% of the plaintiff's "best-case scenario" recovery); *Gervacio v. ARJ Laundry Servs. Inc.*, No. 17 Civ. 9632 (AJN), 2019 WL 330631, at *1 (S.D.N.Y. Jan 25, 2019) (approving a settlement amount "equal to approximately 20 per cent of total possible recovery and approximately 43 percent of [the plaintiff's] base damages").  And nothing suggests that the proposed settlement agreement here is the product of less than arm's-length bargaining between experienced counsel or is tainted by fraud or collusion.  *See Wolinsky*, 900 F. Supp. 2d at 335.

Plaintiff's counsel's fee award is also reasonable.  Under the proposed agreement, Plaintiff's counsel would receive a fee of $11,509.67, approximately one-third of the total settlement amount, and $471 in costs.  *See* Dkt. 62 at 4.  "[C]ourts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Gervacio*, 2019 WL 330631, at *2 (citing *Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, 13 Civ. 6667 (PAE), 2015 WL 5122530, at *4 (S.D.N.Y. Aug. 31, 2015) (collecting cases)).  However, "even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees."  *Id.*  Looking to the lodestar method, Plaintiff's counsel spent a total of 77.7 hours on this matter. Dkt. 62 at 4.  Katherine Morales, an associate with three years of experience, spent 70.6 hours at an hourly rate of $275.  *Id.*  Adam Sackowitz, an associate with five years of experience, spent 7.1 hours at an hourly rate of $300.  *Id.* This totals $21,545 in attorneys' fees.  *Id.* at 5.  The Court finds that Plaintiff's attorneys' hourly rates are reasonable.  *See, e.g.*, *Hernandez v. JRPAC Inc.*, No. 14 Civ. 4176 (PAE), 2017 WL 66325,

at *2 (S.D.N.Y. Jan. 6, 2017) (finding an hourly rate of $250 for associates with 3-4 years of experience to be reasonable). This further confirms that the attorneys' fee here, approximately half of the lodestar amount, is fair and reasonable.

Finally, the proposed settlement agreement is fair and reasonable because it does not include a release provision that requires Plaintiff to waive "claims that have no relationship whatsoever to wage-and-hour-issues." *Fernandez v. 219 Dominican Valle Corp.*, No. 19 Civ. 9513 (JPC), 2021 WL 240721, at *4 (S.D.N.Y. Jan. 25, 2021) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Instead, the release provision in the proposed agreement only requires Plaintiff to release "claims that were asserted in this [a]ction" and "any and all claims which could have been asserted under the [FLSA] and [NYLL]." Dkt. 60 § 3.

## Conclusion

For the reasons explained above, the Court approves the parties' proposed settlement agreement, Dkt. 60. Plaintiff's counsel is to receive $11,980.67, with $11,509.67 allocated to attorneys' fees and $471 to costs. Plaintiff is to receive the balance, $23,019.33.

The Court thus dismisses this case with prejudice pursuant to the parties' stipulation. *See id.* at 14. The Clerk of Court is respectfully directed to terminate all pending motions in this action and close this case.

SO ORDERED.

Dated: February 8, 2021
New York, New York

JOHN P. CRONAN
United States District Judge